UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIELLE VICTOR,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES, et al..,<br><br>Defendants. | Civil No. 25-cv-11051-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

For the reasons set forth below, Plaintiff's motion [Dkt. No. 2] for leave to proceed *in forma pauperis* is ALLOWED, the remaining motions [Dkt. No. 3 – 7, 9 - 10, 12 - 14] are DENIED and this action is DISMISSED.

## I. BACKGROUND

On May 7, 2025, Danielle Victor ("Victor" or "Plaintiff") filed[1] a *pro se* complaint "for violations of Plaintiff's constitutional and civil rights, including but not limited to retaliation for whistleblowing, gang stalking, covert harassment, torture, attempted murder, and conspiracy to violate Plaintiff's rights." [Dkt. No. 1 at 2]. Thirty-four defendants are named in the Complaint, including federal, state and municipal agencies and officials, and various property management companies and their employees. Id. at 13 – 47. Victor alleges that the unlawful "attacks" began in 2001 and continue "through the present day." Id. at 2.

[1] The Court's records indicate that Victor filed a similar, but not identical action two days earlier. See Victor v Apple Inc., et al., No. 25-11229-ADB (filed May 5, 2025).

With the complaint, Victor filed an Application to Proceed in District Court Without Prepaying Fees or Costs (also known as a motion for leave to proceed *in forma pauperis*) [Dkt. No. 2], an Emergency Motion for Temporary Restraining Order [Dkt. No. 3], a Motion to Appoint Counsel [Dkt. No. 4], a Motion to Add Additional Defendants [Dkt. No. 5], a Motion for Leave to File Electronically pro se [Dkt. No. 6] and a Motion for Service of Process by the United States Marshal. [Dkt. No. 7]. On May 20, 2025, Victor filed a Motion for Immediate Judicial Review. [Dkt. No. 9]. Ten days later, on May 30, 2025, she filed a Motion for Recusal [Dkt. No. 10] a Motion for Sanctions [Dkt. No. 13], a Motion to Compel Judicial Determination of Emergency Motion [Dkt. No. 13], and a request for judicial notice [Dkt. No. 14].

## II. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Victor's financial disclosures, the Court ALLOWS the motion for leave to proceed *in forma pauperis*.

## III. PRELIMINARY SCREENING

When a plaintiff is permitted to proceed *in forma pauperis*, the Court reviews the complaint to determine if it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint if the claims therein are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Axcella Building Realty Trust v. Thompson, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The Court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the Plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "'plausible on its face." Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted)).

When a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## IV. DISCUSSION

Here, even with a generous reading of the Complaint, it does not meet the screening requirements of 28 U.S.C. § 1915(e). While the Complaint asserts various attacks, the Complaint, read generously, lacks an arguable basis in law or in fact and therefore is subject to dismissal under 28 U.S.C. § 1915(e)(2)(i). In light of the nature of the claims asserted, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Because of these deficiencies, the remaining motions are denied. As to the motion for recusal, Victor contends that there is an appearance of bias, partiality, and obstruction of justice because of "the Court has taken no action on [Plaintiff's emergency motions for] nearly 30 days." Dkt. 10 at 1 - 2. Here, resolution of motions, including motions for emergency relief, are within a judge's purview. Here, the Court does not find a basis for recusal in this action and the motion is denied.

## V. CONCLUSION

Accordingly:

1. The motion for leave to proceed *in forma pauperis*, [Dkt. No. 2], is ALLOWED and the remaining motions [Dkt. No. 3 – 7, 9 - 10, 12 - 14] are DENIED.

2. The action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Court certifies that any appeal of this order would not be taken in good faith.[2]

4. The Clerk shall enter a final order of dismissal.

**SO ORDERED.**

June 4, 2025

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[2] "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith," as used in 28 U.S.C. § 1915(a)(3), is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962).